852 F.2d 1294
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Daniel G. ROMERO, Petitioner,
v.
INTERNAL REVENUE SERVICE, Respondent.
 No. 87-3543.
 United States Court of Appeals, Federal Circuit.
 June 23, 1988.
 
 Before BISSELL, MAYER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the arbitrator denying petitioner's grievance and sustaining the petitioner's removal by the Internal Revenue Service ("the agency") for falsification of his employment records is affirmed.
 
 OPINION
 
 2
 As an initial matter, we conclude that the agency was not collaterally estopped from litigating Mr. Romero's discharge before the arbitrator. As the arbitrator correctly pointed out, all of the requirements for applying collateral estoppel, as set forth in Thomas v. General Services Administration, 794 F.2d 661, 664 (Fed.Cir.1986), are not met in this case. At the very least, collateral estoppel does not apply because the agency was not fully represented in the proceeding before the Utah Industrial Commission (UIC) in which Mr. Romero's eligibility for unemployment benefits was determined. The petitioner argues that the agency was fully represented before the UIC by Kathleen Hirabayashi, an "employee/labor relations specialist." We cannot agree.
 
 
 3
 Ms. Hirabayashi's role was merely that of a "messenger" (the arbitrator's terminology) or witness. The record does not indicate, nor does the petitioner contend, that Ms. Hirabayashi did any more before the UIC than present "the proposed removal letter, the decision letter, and the Form 86" and answer questions. The record does not reveal that Ms. Hirabayashi is an attorney, or that she examined or cross-examined other witnesses or otherwise advocated any legal interests of the agency before the UIC. Nor does the record indicate that anyone else represented the agency at the UIC proceeding.
 
 
 4
 With regard to the petitioner's falsification of his employment records, we cannot ignore the petitioner's signed statement that the answers he provided on the SF-86 form were "true, complete, and correct to the best of [his] knowledge and belief." Substantial evidence supports the arbitrator's findings that the petitioner's answers were incomplete, at least, and that the petitioner knew that his answers were incomplete and/or incorrect. See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984) (on review, the court will determine whether substantial evidence exists to support the findings below); Naekel v. Department of Transportation, 782 F.2d 975, 978 (Fed.Cir.1986) (a charge of falsification requires proof that an answer is wrong and that the wrong answer was given intentionally). That the petitioner's attempts to obtain information for use in completing his answers went unaided by the agency does not excuse the petitioner's misrepresentations as to the truth and completeness of his answers, and, in this case, actually serves to indicate that the petitioner was aware of the firing and the arrests which he failed to list.
 
 
 5
 Finally, we observe that the arbitrator considered the factors set forth in Douglas v. Veterans Administration, 5 MSPB 313, 331-33 (1981), in reviewing the agency's choice of penalty and concluded that the penalty of removal was not inappropriate. This conclusion does not represent an abuse of discretion. See Miguel v. Department of the Army, 727 F.2d 1081, 1083 (Fed.Cir.1984) (the court will defer to the agency's choice of penalty unless that choice of penalty amounts to an abuse of discretion).
 
 
 6
 Accordingly, the arbitrator's decision is affirmed.